UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAKA D. WILLIAMS,

                Petitioner,

   v.
                                          9:17-CV-0848
                                          (GLS/CFH)
STATE OF NEW YORK,

                Respondent.
_____

APPEARANCES:                                        OF COUNSEL:

SHAKA D. WILLIAMS
15-B-1631
Petitioner, pro se
Gouverneur Correctional Facility
Scotch Settlement Road
P.O. Box 480
Gouverneur, NY 13642

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

I.    **INTRODUCTION**

       On August 3, 2017, petitioner Shaka D. Williams filed a petition for a writ of habeas corpus. Dkt. No. 1, Petition ("Pet.").[1] On August 7, 2017, the Court administratively closed this action due to petitioner's failure to either pay the statutory filing fee or complete an application to proceed in forma pauperis, but afforded petitioner the opportunity to satisfy this

---

[1] The petition, as filed, purports to seek a "writ of habeas corpus pursuant to 28 USC 1331." Pet. at 1. On August 17, 2017, the Court received petitioner's filing fee, as well amended versions of pages one and eight of his petition. Dkt. No. 3-1. These amendments–which include a correction to the case caption and a citation to reflect that the petition was filed pursuant to 28 U.S.C. § 2241–are largely nonsubstantive, and the Court will consider them for purposes of disposing of the petition in this Decision and Order.

requirement. Dkt. No. 2. On August 17, 2017, the Court received petitioner's filing fee and reopened the case. Dkt. No. 4.

For the reasons that follow, this action is dismissed.

## II. THE PETITION

The petition is not entirely clear, but petitioner appears to challenge the fact that criminal charges have been lodged against him in St. Lawrence County and that he is being held in pretrial confinement, stemming from his arrest on a sealed indictment. Pet. at 2.[2] Petitioner asserts that, on June 10, 2017, he was arraigned in the St. Lawrence County Court "without [his] consent." *Id.* According to petitioner, at arraignment, when asked if he was Shaka Williams, he responded that he was "not SHAKA WILLIAMS the fictitious entity in all caps," but rather "a secured party creditor" who did "not want to do business with the court" and did not "want to contract with the court." *Id.*

Petitioner was apparently remanded and arraigned again on July 13, 2017. *Id.* at 3. On that date, the court assigned petitioner an attorney, despite petitioner's assertion that he "d[id] not consent to a lawyer" and "den[ied] jurisdiction of the court over" him. *Id.* Assigned counsel entered a not guilty plea on petitioner's behalf "without [his] consent," and petitioner was again remanded without bail. *Id.*

Petitioner appears to argue that he is entitled to release because the St. Lawrence County Court lacks jurisdiction over him. *Id.* at 4-10. More specifically, petitioner appears to argue as follows: (1) the Uniform Commercial Code ("UCC") applies, and, because the State of New York is neither a "holder-in-due-course" nor an injured party, "no valid contract exists

---

[2] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

for prosecution"; (2) the court and prosecutor "attmept[ed] to force a contract on him" by entering a not guilty plea on his behalf and assigning him an attorney, rendering any such contract "void"; (3) the International Organizations Immunities Act "ma[de] all public officials foreign citizens, barring them from judicial power," and petitioner, a United States citizen, is shielded by the Eleventh Amendment of the United States Constitution from prosecution by "a [f]oreign [s]tate"; and (4) petitioner's due process rights were violated because he was not given written notice of the criminal action, as required by the Foreign Sovereign Immunities Act. *Id.* at 4-10.

## III. DISCUSSION

Petitioner cites 28 U.S.C. § 2241, which provides that "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions" may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3); *accord*, Dkt. No. 3-1 at 1. That section generally permits federal prisoners to challenge the execution of a sentence, including the computation of the sentence and parole decisions, rather than the imposition of that sentence or the underlying federal conviction under section 2255. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). State prisoners, in contrast, must bring challenges both to the execution of a sentence and to underlying convictions under section 2254, which governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *accord Cook*, 321 F.3d at 278. However, "[i]n rare circumstances, state prisoners who are pretrial detainees

3

may challenge state detention pursuant to section 2241." *DeLee v. Conway*, No. 9:16-CV-0799 (BKS), 2016 WL 3823808, at *2 (N.D.N.Y. July 12, 2016); *see, e.g.*, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973) (permitting a state prisoner to "demand enforcement of" Kentucky's "affirmative constitutional obligation to bring him to trial"); *Hoffler v. Bezio*, 726 F.3d 144, 155-57 (2d Cir. 2013) (considering a state prisoner's section 2241 petition to prevent New York from retrying him on murder charges arising out of the killing of a prosecution witness scheduled to testify against him at a later trial on drug charges).

  Here, it appears that petitioner is challenging his pretrial confinement on the ground that the St. Lawrence County Court lacks jurisdiction over him due to his status as a secured creditor. Pet. at 2-7. Even if petitioner may properly seek habeas relief pursuant to 28 U.S.C. § 2241 under these circumstances, his arguments do not remotely suggest an entitlement to such relief, and the Court concludes that they are patently frivolous. Nothing in the UCC permits a prisoner to obtain release from state custody. *See, e.g.*, *Carter v. Wands*, 431 F. App'x 628, 629 (10th Cir. 2011) (affirming dismissal of section 2241 petition because "[n]either the U.C.C. nor any of the newly cited federal statutes provide a basis to challenge the conditions of [the petitioner's] imprisonment[.]"); *Williams v. Davenport*, No. 1:13-CV-0444, 2013 WL 3166060 at *7 (W.D. Mich. June 20, 2013) ("The Uniform Commercial Code regulates the law of sales and other commercial transactions. It is wholly irrelevant to a prisoner's claim of entitlement to release from prison in a habeas corpus proceeding. To the extent Plaintiff's habeas petition raised a claim under the UCC, therefore, it was frivolous."); *Blackwood v. Ziegler*, No. 5:11-CV-0608, 2012 WL 5304771 at *2 n.2 (S.D. W. Va. Aug. 15, 2012) ("The undersigned finds that Petitioner is not entitled to habeas

relief based upon the UCC."), *adopted,* 2012 WL 5304767 (S.D. W. Va. Oct. 25, 2012); *Crawford v. U.S. Bureau of Prisons*, No. 5:10-CV-3108, 2010 WL 2671986 at *1 n.4 (D. Kan. June 30, 2010) ("The Uniform Commercial Code (UCC) is not relevant to petitioner's federal conviction, and is not itself federal law."); *Diaz v. Diaz*, No. 7:09-CV-0017, 2009 WL 272870 at *1 (W.D. Va. Feb. 3, 2009) ("[T]o the extent that the present complaint seeks Diaz's release from custody based on civil financing documentation [filed under the Uniform Commercial Code], it will be dismissed as legally frivolous[.]"); *Figueroa-Hernandez v. Figueroa Hernandez*, No. 7:08-CV-0498, 2008 WL 4533940 at *3 (W.D. Va. Oct. 7, 2008) ("The court simply finds no ground upon which an inmate may use civil commercial statutes . . . to challenge the fact or length of his confinement."); *Clark v. Romanowski*, No. 1:07-CV-1061, 2008 WL 2757805 at *2 (W.D. Mich. July 14, 2008) ("[P]rovisions of the UCC govern commercial transactions and are wholly inapplicable to criminal judgment[s] ordering restitution."). Petitioner's apparent argument that he is immune from prosecution, and that his due process rights were violated in light of the "foreign citizenship" of "all public officials," is similarly devoid of merit.[3]

---

[3] Petitioner's reasoning appears to be that the "International Organization [sic] Immunities Act relinquished every public office of the United States to the United Nations," and that, under 8 U.S.C. § 1481, "once oath of office is taken[,] citizenship is relinquished [and] the oath taker becomes a foreign entity, agency, or state." Pet. at 7. The International Organizations Immunities Act ("IOIA"), 22 U.S.C. § 288 *et seq.*, "provides that international organizations . . . 'shall enjoy the same immunity from suit and every form of judicial process as is enjoyed by foreign governments[.]'" *Oss Nokalva, Inc. v. European Space Agency*, 617 F.3d 756, 761-62 (3d Cir. 2010) (quoting 22 U.S.C. § 288a(b)) (emphasis omitted); *see also, e.g., United States v. Bahel*, 662 F.3d 610, 623 (2d Cir. 2011) (explaining that "the IOIA expressly applies to 'officers and employees of [international] organizations,' and states that such individuals 'shall be immune from suit and legal process relating to acts performed by them in their official capacity . . .") (quoting 22 U.S.C. § 288d(b)). The IOIA has no bearing upon petitioner's confinement related to state court criminal charges, nor by its passage did Congress "relinquish[] every public office of the United States to the United Nations." Pet. at 7. Similarly unavailing is petitioner's reliance upon 8 U.S.C. § 1481, which sets forth various "acts," the voluntary performance of which may cause a United States citizen to "lose his [or her] nationality." 8 U.S.C. § 1481(a). One such act is "accepting, serving in, or performing the duties of any office, post, or employment under the government of a foreign state . . . for which office, post, or employment an oath, affirmation, or declaration of allegiance is required[.]" 8 U.S.C. § 1481(a)(4)(B). Petitioner's argument that this statute, and/or the IOIA, render any public official or governmental entity at issue in this case a "foreign citizen" or "foreign entity" is wholly

5

Based on the foregoing, this action is dismissed. Rule 4, Rules Governing Section 2254 Cases in the Untied States District Courts, Advisory Committee Notes ("[U]nder [28 U.S.C.] § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.") (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)).[4]

## IV.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that no certificate of appealability shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2)[5]; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice.

**IT IS SO ORDERED.**

September 26, 2017
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

---

unsupportable. *See generally, e.g.*, *Williams v. Freesemann*, No. 4:15-CV-0265, 2015 WL 6798946, at *1 (S.D. Ga. Oct. 15, 2015) (characterizing habeas petitioner's argument that the judge and prosecutor involved in his conviction were "not public officials" under the IOIA as "a facially absurd claim premised on a statute arbitrarily plucked out of the federal code").

[4] The Rules Governing Section 2254 Cases in the United States District Courts apply to Section 2241 petitions. *See* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

[5] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'").